UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RICHARD LAZUR,

    Plaintiff,

    v.

LAKE COUNTY SHERIFF, WARDEN,
WARDEN, GORE, STOZER, POWELL,
MORENO, BHOWLING, and JOHN
DOE,

    Defendants.

CAUSE NO. 2:24-CV-309-DRL-SJF

OPINION AND ORDER

Richard Lazur, a prisoner without a lawyer who is currently in the Porter County Jail, filed a complaint about events that occurred when he was detained at the Lake County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Lazur's complaint details the time he spent at the Lake County Jail from November 23, 2023, through July 30, 2024, awaiting trial on state criminal charges. His complaint, though, must be amended because it is does not provide the short and plain

statement contemplated by the federal rules. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Mr. Lazur has a list of complaints about the conditions at the jail, including inadequate laundry, insufficient access to a razor or hair clippers, a lack of privacy when using the toilet, an inadequate plumbing system that often results in toilets going unflushed, long periods of time without hot water for showers, and insufficient toilet paper. He also complains that the old part of the jail, where he was housed, was severely overcrowded and inadequately surveilled, leading to violence, food shortages, and constant lockdowns. He also complains that the jail has an inadequate COVID-19 policy.

The problem with Mr. Lazur's complaint is that it is too hard to follow. He repeats allegations throughout his 26-page complaint, which is littered with unnecessary legalese, and he doesn't clearly set forth how he was harmed and who of the many defendants he names were responsible for the various alleged wrongs. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Mr. Lazur must present his claims with sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a claim. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990).

It is true that as a pretrial detainee, Mr. Lazur is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441

2

U.S. 520, 535 (1979)). Conditions may amount to punishment if, as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities," *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)), as well as constitutionally adequate medical care, *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018).

But to proceed, a plaintiff must do more than provide a list of complaints about the conditions he was held in. He must also allege how those conditions harmed him because a necessary element of a constitutional tort is "that the officer's act . . . caused any injury." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012); *see also Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) ("[T]here is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic."). Additionally, a plaintiff must allege how each defendant was personally involved in the alleged violation because a defendant must have some personal involvement in the alleged constitutional violation in order to be held individually liable for damages. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018).

Additionally, Mr. Lazur's complaint appears to contain unrelated claims. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Claims are related in a legal sense either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. FED. R. CIV. P. 18(a), 20(a)(2). Mr. Lazur cannot bring a single lawsuit based on a variety of alleged

3

violations just because they happened at the same facility or within the same time frame. If Mr. Lazur files an amended complaint, he needs to limit his amended complaint to related claims.

Therefore, Mr. Lazur must file an amended complaint that more clearly lays out his claims. To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the court will send him and which is also available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. If he decides to file an amended complaint, he needs to write a *short and plain statement* explaining what happened to him in his own words. He needs to include dates and explain what each defendant did wrong. He needs to use each defendant's name every time he refers to that defendant. He should *not* quote from cases or statutes, use legal terms, or make legal arguments.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Richard Lazur;

(2) GRANTS Richard Lazur until **December 16, 2024** to file an amended complaint; and

(3) CAUTIONS Richard Lazur if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

November 15, 2024                        *s/ Damon R. Leichty*
                                                           Judge, United States District Court