UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

RICHARD LAZUR,               )
    Plaintiff,              )
                       )
v.                           )        Case No.: 2:24-CV-00309-DRL-SJF
                       )
LAKE COUNTY JAIL WARDEN.      )

## **ANSWER**

*COMES NOW*, Defendant, Lake County Jail Warden, by and through Attorney Tramel R. Raggs of Harris Law Firm, P.C., and in response to Plaintiff's Complaint, Answers as follows:

1. The lake county sheriff, the warden, Classification officer, Dep Warden, Lt. Niecy Gore, Sgt Stozek, and the Grievance Specialist all work at the Lake County Jain for the Lake County Sheriff's Dep. and were "acting under color of law" at the time my incidents occurred from Nov 23, 2023 up until July 30 2024 in which I was a pretrial detainee. I was booked in the jail and given no socks, boxers, or wash cloth to with and I wore the same clothing for 2-4 weeks at a time because laundry Department was constantly short clothing. I put in an electronic request as well as grievances several times. I put in requests to the laundry dep as well as multiple grievances to Sgt. Stozek whom handles the grievances. The first time I put in a grievance he stated that he had addressed the clothing issue with Lt. Niecy Gore and that If I had another clothing issue to submit another grievance. The matter continued of only getting clean uniforms every 2-3 weeks continued throughout the whole duration of my sentence and I attempted to address the matter again by request to laundry department and filing more grievances, however the lack of clean uniforms being issued continued. At the same clean laundry came was the only I could send my towel and sheet out to cleaning. The dates and times

of my grievances and requests are currently unknown as my paper trial would get thrown away when shakedown crew came, but will be made available during discovery. For the whole time I was incarcerated, I might have gotten a clean change of clothing 11-12 times. Lt. Niecy Gore and Sgt. Stozek failed to ensure a change of clean clothing forcing me to constantly wear soiled clothing.

**ANSWER:** Defendant denies the allegations of Paragraph 1.

2.  I could never exercise because I was housed in a cell with 8 bunks taking up most of the cell space leaving approximately 50-60 square feet of space to share with 7 other people with a toilet right in the middle of 4 of the bunks, and going to recreation was impossible because the warden had a policy that if you had no shoes that you ordered from commissary for $20, you couldn't go to recreation. I had no shoes and I couldn't exercise in the dayroom because there was no room to exercise since the dayrooms have just hardly a little more room than the cells. My section consisted of 4 cells with 2 dayrooms and with 8 men assigned to each cell for a total of 32 men, there is hardly room to move around let alone exercise. Often there were more than 32 people assigned to my section 3D, as much as 40 people sleeping under bunks and in the dayroom. When I put in an electronic request to classification as well as to the grievance officer, Sgt. Stozek, the response was that it was non-grievable. I developed gynochamastria and my health started to deteriorate. I lost weight and muscle. I also developed high blood pressure and sought mental health care for stress-induced anxiety, depression, and sleep deprivation.

**ANSWER:** Defendant denies the allegations of Paragraph 2.

3. My condition worsened because we were constantly locked down from 10:30pm until 5:00 am but due to covid being rampant and staff shortages, we were constantly being locked down for 2-14 days at a time, although even when I was locked in a cell with 7-8 others (sometimes someone slept under the bunk) due to Covid lockdown, individuals were still being brought in. When I spoke to Lt. Niecy Gore about the overcrowding, she stated the jail was full and there was nothing she could do because all the sections are overcrowded the same. However, administration could have housed the overflow in the new pods because their dayrooms are MUCH bigger. The tension in the environment was extremely high because I and everyone else to constantly urinate and deficate openly in close small quarters with other inmates present with limited flushes of 2 flushes per hour and if you deficate and somebody else needs to go after you, we must wait an hour to flush some must inhale the fumes, and also if one has to go I have to wait soo long because 8-9 people share one toilet.

**ANSWER:** Defendant denies the allegations of Paragraph 3.

4. We/I never got razors at the jail because the C.O's would put out a razor list and whenever I asked for one it fell on deaf ears. I put in a grievance but never got a response and no razors were every given. I got one toilet paper roll a week with apprx. 100 small squares (enough to use 3 times) and although I would always ask for me more, they never had any extra. I was never able to cut my hair except for 3-4 times because the hair clippers were always broken or were locked down for the weekend and since clippers only came early in the morning Sat and Sun and I was usually locked down "due to shortage of staff" I was rarely able to cut my hair. When I put in electronic

requests and grievances, I didnt get an answer back. Lt. Niecy Gore was head of housekeeping and she didnt remedy the situation, nor did Sgt. Stozek or anybody else.

**ANSWER:** Defendant denies the allegations of Paragraph 4.

5.  I often went days to almost 2 weeks without a hot shower because the hot water was constantly out leaving only cold water. I put in multiple requests and grievances in which it was supposedly being addressed, however this issue continued.

**ANSWER:** Defendant denies the allegations of Paragraph 5.

6.  My Section (3D) is connected to the hole and the vents go straight through with no circulation and the door is constantly left open and inmates are constantly throwing feces and since CO's are slow to get trustees for clean up and there is no ventilation. I had to constantly inhale their feces too.

**ANSWER:** Defendant denies the allegations of Paragraph 6.

7.  Commissary costs are extremely high and the meals there are extremely small and since CO's only slide the trays through and not making sure everyone gets a tray, people were constantly taking other people's trays and beating people up for their commissary because there is no surveillance whatsoever in the old Jail sections. Even 3D. And since classification houses violent offenders with non-violent offenders alike, couple this with all the extreme tension in the environment and you have a violent setting. I am a non-violent offender. The Lake County Jail is located in a high crime rate area.

**ANSWER:** Defendant denies the allegations of Paragraph 7.

8.  Living under these extreme conditions violated my right to due process and my right to equal protection. I endured health problems, loss of weight, stress-induced anxiety, deprivation of sleep, depression, emotional distress, and mental anguish. The Warden

and Dep Warden would walk through once every month or 2 and when I attempted to address the issue of overcrowding and conditions, I was told the Jail was over crowded. Nothing was ever done to remedy the conditions of my continement. The grievance submission box is by electronic grievance in which the Sheriff, Warden, Dep Warden, Lt niecy Gore, and Sgt. Stozek all have access to and are considered policy-makers. Please grant me a Jury trial as I am asking for $500,000 in damges, The grievance officer as well as Niecy Gore, Classification, Warden, Dep Warden, and the Sheriff failed to address my clothing issue, overcrowding, and conditions within the Jail after addressing these issues with them.

**ANSWER:** Defendant denies the allegations of Paragraph 8.

9. When did this event happen? While I was awaiting trial.

   **ANSWER:** Defendant does not have sufficient information to admit or deny the allegations of Paragraph 5, and therefore denies the same.

10. Have you ever sued anyone for this exact same event? No.

    **ANSWER:** Defendant does not have sufficient information to admit or deny the allegations of Paragraph 6, and therefore denies the same.

11. Could you have used a prison grievance system to complain about this event? Yes, I filed a grievance and attached is a copy of the response from the final step. At the Lake County Jail, all grievances at the LCJ is electronic but I have all the grievance & appeals their just electronic.

    **ANSWER:** Defendant does not have sufficient information to admit or deny the allegations of Paragraph 7, and therefore denies the same.

12. If you win this case, what do you want to the court to order the defendant(s) to do? To address their policy-practice-customer of creating a hostile environment by inhumane living conditions. Make clothing available once per week. Make rec available without shoes for exercise. Award $500,000 in damages, $250,000 in compensatory damages, $250 punitive damages.

**ANSWER:** Defendant does not have sufficient information to admit or deny the allegations of Paragraph 8, and therefore denies the same.

WHEREFORE, Defendant prays that Plaintiff takes nothing by way of his Complaint, that judgment be entered in favor of the Defendant and against the Plaintiff on all claims and relief prayed for in the Complaint, that Defendant be granted all relief just and proper under the circumstances including attorney's fees as allowed by law.

Dated this 2nd day of June, 2025.                    Respectfully submitted,

*/s/Tramel R. Raggs*
Tramel R. Raggs, #34355-45
traggs@harrislawfirmpc.net
Harris Law Firm, P.C.
11410 Broadway
Crown Point, IN 46307
(219) 661-1110 (phone)
(219) 661-1118 (fax)

## AFFIRMATIVE DEFENSES

*COMES NOW*, Defendant, Lake County Jail Warden, by and through Attorney Tramel R. Raggs of Harris Law Firm, P.C., and for his Affirmative Defenses to the Claims of the Plaintiff states as follows:

1. Any allegation in Plaintiff's Complaint that are not specifically admitted or denied in Defendant's answer are here specifically DENIED.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure (12)(b)(6).

3. Plaintiff is barred from recovering punitive damages against Defendant for claims asserted under 42 U.S.C. § 1983.

4. Defendant has no supervisory liability for the actions of subordinates, as a matter of law.

5. Pursuant to Ind. Code § 34-13-3-4, Plaintiff is barred from recovering punitive damages against Defendant for claims asserted under state law.

6. Any damages recoverable by Plaintiff for tort claims alleged under state law are limited by the provisions of the Indiana Tort Claims Act, I.C. §34-13-3-4.

7. Plaintiff's claims under state law are barred by Plaintiff's failure to comply with the requirements of the notice provisions of the Indiana Tort Claims Act, I.C. §§34-13-3- 8; 34-13-3-10; 34-13-3-12; and 34-13-3-13.

8. Defendant is entitled to state common law, constitutional, and/or statutory privileges and immunities, including under the provisions of the Indiana Tort Claims Act, I.C. 34-13-3-0.1, et seq.; including, but not limited to, I.C. §34-13-3- 3 (7), (8) and (10).

9. Any recovery for plaintiff's alleged state law claims are subject to the limitations of the Indiana Tort Claims Act.

10. Defendant is entitled to immunity under the doctrines of qualified immunity as any alleged acts of omissions of Defendant did not violate any federal rights of Plaintiff that were objectively and clearly established at the times alleged in the Complaint.

11. None of Plaintiff's constitutional rights were violated as any action by the Defendant was for a legitimate governmental purpose and did not violate any rights protected under federal law.

12. Defendant was not deliberately indifferent to the needs or rights of the Plaintiff or of any excessive risk of health or safety that may have existed.

13. Defendant was not deliberately indifferent to Plaintiff's health or safety and was not aware of any substantial risk of serious injury or illness to Plaintiff and took no deliberate action that directly cause any deprivation of any of Plaintiff's civil rights.

14. Any actions by Defendant were objectively reasonable and did not violate any clearly established rule or principle of federal law or any rights of the Plaintiff that a reasonable person would have known.

15. Defendant is not subject to the doctrine of respondeat superior for any and all claims arising under 42 U.S.C. §1983 because he cannot be held liable for the conduct of subordinates that may have resulted in a violation of Plaintiff's constitutional rights.

16. Plaintiff's claims against this Defendant are barred as the Defendant was not personally involved in any of the acts or omissions alleged in the Complaint and therefore liability may not to this Defendant under 42 U.S.C. §1983.

17. Any injuries or damages sustained by Plaintiff were caused or contributed to by Plaintiff's own conduct and any recovery against Defendant is barred or limited.

18. Any injuries or damages sustained by Plaintiff were caused in whole or in part by an act or omission of persons other than this defendant and any recovery against Defendant is barred.

19. Any injuries or damages sustained by Plaintiff were caused in whole or in part by an act or omission of an unknown person or persons and not this defendant and any recovery against Defendant is barred.

20. Any injuries or damages sustained by Plaintiff were the direct and proximate result of Plaintiff's own contributory negligence, assumption of risk, incurred risk, failure to avoid injury and failure to mitigate damages, and any recovery against Defendant is barred or limited.

21. The actions or inactions of Defendant, if any, were not the proximate cause of any injuries or damages claimed by Plaintiff.

22. Plaintiff's own actions or inactions were the sole proximate cause of Plaintiff's alleged injuries and damages.

23. Any injuries or damages claimed by Plaintiff are the direct and proximate result of a pre-existing disease or condition and Plaintiff is not entitled to recover damages for any pre-existing disease or condition.

24. Plaintiff's claims are barred to the extent that they have been waived by any action or inaction on the part of Plaintiff.

25. Defendant is entitled to a credit or set-off against any damages received by or awarded to Plaintiff through any judgment, settlement or other compensation from any other individual, entity, party, non-party or collateral source.

26. The claims asserted against by Plaintiff against Defendant are frivolous, unreasonable and/or groundless and such that Defendant is entitled to costs and attorney fees pursuant to 42 U.S.C. §1988, I.C. §34-13-3-21 and other applicable law.

27. Defendant incorporates and adopts any affirmative defenses asserted by any other defendant in this cause.

28. Defendant reserves the right to amend this answer and to assert additional defenses as same become known during the course of discovery.

*WHEREFORE*, Defendant prays that Plaintiff takes nothing by way of his Complaint, that judgment be entered in favor of the Defendant and against the Plaintiff on all claims and relief prayed for in the Complaint, that Defendant be granted all relief just and proper under the circumstances including attorney's fees as allowed by law.

Dated this 2nd day of June, 2025.

Respectfully submitted,

*/s/Tramel R. Raggs*
Tramel R. Raggs, #34355-45
traggs@harrislawfirmpc.net
Harris Law Firm, P.C.
11410 Broadway
Crown Point, IN 46307
(219) 661-1110 (phone)
(219) 661-1118 (fax)

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned counsel, certify that I did deliver a copy of this filing to all parties of

record through the Northern District of Indiana E-File system this 2nd day of June, 2025.

*/s/Tramel R. Raggs*